**NO. 23-4570**

In The

# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**DAVID ALLEN, JR.,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT NEWPORT NEWS**

———————————

**BRIEF OF APPELLANT**

———————————

**Lawrence H. Woodward, Jr.**
**RULOFF, SWAIN, HADDAD,
  MORECOCK, TALBERT
  &WOODWARD, P.C.**
**317 30th Street**
**Virginia Beach, VA  23451**
**(757) 671-6047**

*Counsel for Appellant*

## **TABLE OF CONTENTS**

Page:

TABLE OF AUTHORITIES .................................................................................. ii

PRELIMINARY STATEMENT ..............................................................................1

STATEMENT OF APPELLATE JURISDICTION ..................................................1

STATEMENT OF ISSUE .........................................................................................1

STATEMENT OF THE CASE ..................................................................................1

      A.    Procedural History.................................................................................1

      B.    Factual Background...............................................................................2

SUMMARY OF ARGUMENT .................................................................................3

      I.    DID THE DISTRICT COURT ABUSE ITS DISCRETION BY IMPOSING A 24 MONTH SENTENCE FOR A VIOLATION OF SUPERVISED RELEASE ......................................................................3

          Standard of Review ................................................................................3

          Argument ................................................................................................4

CONCLUSION ..........................................................................................................5

STATEMENT REGARDING ORAL ARGUMENT ................................................5

CERTIFICATE OF COMPLIANCE ........................................................................6

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*United States v. Abu Ali*,
    528 F.3d 210 (4th Cir. 2008)...........................................................................4

*United States v. Engle*,
    592 F.3d 495 (4th Cir. 2010)...........................................................................4

*United States v. Gibbs*,
    897 F.3d 199 (4th Cir. 2018)...........................................................................3

*United States v. Patterson*,
    957 F.3d 426 (4th Cir. 2020)...........................................................................3

*United States v. Ressam*,
    679 F.3d 1069 (9th Cir. 2012).........................................................................4

**Statutes:**

18 U.S.C. § 2250................................................................................................1

28 U.S.C. § 1291................................................................................................1

**Rules:**

Fed. R. App. P. (4)(b) .......................................................................................1

## PRELIMINARY STATEMENT

In this opening brief, Appellee will be referred to as the "United States", "the Government", "the Prosecution", or as "Appellee". Defendant/Appellant, David Allen, Jr., will be referred to as "Allen", "Appellant", or "Defendant". References to the Joint Appendix will be referred to as (JA____).

## STATEMENT OF APPELLATE JURISDICTION

This is an appeal from a final judgment of the United States District Court for the Eastern District of Virginia, Newport News Division, in a criminal case pursuant to the Federal Rules of Appellate Procedure. Fed. R. App. P. (4)(b). Title 28 U.S.C. § 1291 states that the Court of Appeals has jurisdiction from all final decisions of the United States District Courts. Accordingly, this Court properly has jurisdiction over this matter. Appellant timely filed a Notice of Appeal from the trial court's final judgment pursuant to Fed. R. App. P. 4(b).

## STATEMENT OF ISSUE

**ISSUE I.** DID THE DISTRICT COURT ABUSE ITS DISCRETION BY IMPOSING A 24 MONTH SENTENCE FOR A VIOLATION OF SUPERVISED RELEASE.

## STATEMENT OF THE CASE

### A. Procedural History

Allen was convicted of a violation of 18 U.S.C. § 2250 for failing to register as a sex offender. He pled guilty to this offense on April 16, 2015. (JA123) On July

1

17, 2015, he was sentenced to 30-months incarceration and 15-years of supervised release. (JA15-16) On May 20, 2021, the District Court held a hearing on a violation of supervised release and sentenced the Appellant to time served. (JA9)

On November 2, 2021, a second petition for violation of supervised release was filed against the Appellant and on March 2, 2022, an addendum was filed. (JA33-37) On August 24, 2023, a hearing was held on the supervised release violation and the Court sentenced the Appellant to 24-months incarceration and after his release from custody, remain on supervised release until October 15, 2033. (JA114-115) An Amended Order that corrected a clerical mistake was filed on September 5, 2023. (JA116-118) The Appellant filed a timely Notice of Appeal. (JA119)

B.   **Factual Background**

The Petition and Amended Petition for violating supervised release that form the basis of this appeal are based on allegations that the Appellant failed to notify the Probation Officer of a change in his residence, failure to attend required counseling appointments, and failure to communicate with his Probation Officer. (JA37) An addendum alleges that the Appellant failed to register as a sex offender and his location was unknown. (JA37) The Court held a hearing and found by a preponderance of the evidence that the Appellant violated his supervised release. (JA85) The guideline range from the revocation table was 18-24 months. (JA86)

2

After hearing arguments from counsel and an allocution from the Appellant (JA86-99), the Court imposed a sentence of 24-months.

During his allocution, the Appellant advised the Court that he was a Moorish Minister and that those beliefs required and caused him to live a certain way. (JA95-96) The Appellant has taken this stance throughout the time he has been before the Court since 2015. (JA22-27) Additionally, he mailed a letter to this Court on or about December 27, 2023 setting forth those views. (ECF #15)

## SUMMARY OF ARGUMENT

The District Court abused its discretion by imposing a sentence of 24 months which was the top end of the guidelines. The Court should have given greater weight to the Defendant's allocution and sincerely held beliefs regarding his religious and societal views.

## ARGUMENT

**I.  DID THE DISTRICT COURT ABUSE ITS DISCRETION BY IMPOSING A 24 MONTH SENTENCE FOR A VIOLATION OF SUPERVISED RELEASE.**

### Standard of Review

Sentencing on revocations are reviewed for procedural and substantive reasonableness but with greater deference than original sentences. This approach is described as a modified reasonableness analysis with a more deferential Appellant posture. *United States v. Patterson*, 957 F.3d 426 (4th Cir. 2020), *United States v. Gibbs*, 897 F.3d 199 (4th Cir. 2018).

3

**Argument**

Counsel for the Appellant is well aware that the District Court has very broad discretion, but it is not unlimited. It is "inherent in the idea of discretion is the notion that it may, on infrequent occasion, be abused." *United States v. Engle*, 592 F.3d 495, 504 (4th Cir. 2010) (quoting *United States v. Abu Ali*, 528 F.3d 210, 266 (4th Cir. 2008)). The Appellant agrees that the abuse of discretion standard is deferential, "but it does not mean anything goes." *United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012) (en banc). The argument in this case for an abuse of discretion is focused on the Court's consideration and comment on the Defendant's political and religious beliefs as a basis for the sentence. (JA108-110) The defense contends that this is an improper consideration.  The District Court must have found it impartial because two pages of the transcript and several case citations are about how meaningless and frivolous it is.  The Court does not explain in any detail about what weight or importance it gives to this in determining to sentence the Appellant to the absolute high end of the guidelines.  It is clear that it was an important factor since the Court spent so much time talking about it.

The sovereign citizens and Moorish Nation concepts are something that most practitioners and courts have encountered.  It is frustrating, annoying, time consuming and complicates any case at any level when a defendant expresses those views and interjects them into a court proceeding. All that being said, people with

4

views and opinions that do not have legal meaning and the expression of those views in court are one of the costs of living in an open society with freedom of speech. The expression of these views never helps a Defendant or Appellant, but that does not mean that it should hurt them. Basing a sentence in any part on that fact that someone has views that are not recognized or accepted by the legal system should never be a reason to increase their punishment. A person has to conform their conduct to the law, not their thoughts. From the record in this case, it appears that the Court considered the Defendant's political and religious views or at a minimum it is not clear that the Court did not consider them. Therefore, the judgment should be reversed and the case remanded for a new sentence.

## CONCLUSION

For the reasons stated, this Court should remand that case so that the District Court can impose a sentence at the low end of the guidelines or a downward variance.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant, David Allen, Jr., by counsel, asserts that this is a very straight forward issue that the Court can decide without Oral Argument.

**DAVID ALLEN, JR.**

By: */s/ Lawrence H. Woodward, Jr.*
Lawrence H. Woodward, Jr.

*Counsel for Appellant*

5

## **CERTIFICATE OF COMPLIANCE**

1. This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    this document contains <u>1,077</u> words.

2. This document complies with the typeface requirements because:

    This document has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

By: <u>*/s/ Lawrence H. Woodward, Jr.*</u>
Lawrence H. Woodward, Jr.
Virginia State Bar No. 21756
RULOFF, SWAIN, HADDAD, MORECOCK,
   TALBERT, & WOODWARD, Jr.
317 30th Steet
Virginia Beach, VA 23451
(757) 671-6000
lwoodward@srgslaw.com

*Counsel for Appellant*

6